UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEATHER WELLS,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

CASE NO. C12-5941 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 19), and Plaintiff Heather Wells's ("Wells") objections to the R&R (Dkt. 20).

On October 10, 2013, Judge Strombom issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") conclusion that Wells is not disabled. Dkt. 19. On October 25, 2013, Wells filed objections. Dkt. 20. On November 8, 2013, the Government responded. Dkt. 21.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Wells makes three objections to Judge Strombom's R&R. First, Wells contends that the ALJ had a heightened duty to develop the record and failed to meet that duty. Dkt. 20 at 1–2. The Court disagrees. The ALJ left the record open for the submission of Dr. John Ingram's medical opinion. The fact that neither Wells nor her representative submitted the medical opinion is not the ALJ's fault and in no way violates the ALJ's heightened duty to fully and fairly develop the record. Therefore, the Court adopts the R&R on this issue.

Second, Wells contends that the presence of a non-attorney representative in the ALJ proceeding was immaterial. Even if Wells was as unrepresented as a claimant with no representative at all, the ALJ was not required to do more than allow for the submission of additional medical evidence. Therefore, this is a distinction without a difference.

Third, Judge Strombom found that Wells failed to show that any error was harmless because Wells failed to show that Dr. Ingram's evaluation "would have in any way affected the ALJ's ultimate non-disability determination." Dkt. 19 at 7–8. Wells objects and argues that the evaluation was "material evidence of *current* medically determinable mental health issues." Dkt. 20 at 4 (emphasis in original). The Court agrees with Judge Strombom that Wells has failed to show a denial of a substantial right. Dr. Ingram's opinion was not conclusive of a current disability and was only some evidence of a personality disorder. Therefore, the Court adopts the R&R on this issue.

The Court having considered the R&R, Wells's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision of non-disability is **AFFIRMED**; and

(3) The Clerk shall close this matter.

Dated this 30th day of December, 2013.

BENJAMIN H. SETTLE
United States District Judge